| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>WILLIAM R. SCHUCHMAN<br>3812 Sepulveda Blvd.,<br>Suite #220<br>Torrance, CA 90505<br>Tel. No.(310) 373-8633<br>Fax No.(310) 933-6981<br>Bar No.62685<br>Email: wschuchman@verizon.net | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**DEC 30 2019**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** ghaltchi  **DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |
|---|---|
| ☐ *Debtor appearing without attorney*<br>☒ *Attorney for: Debtor*<br>☐ *Chapter 13 trustee* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -*LOS ANGELES* DIVISION**

| In re:<br><br><br><br><br><br><br><br>**SANDRA LISA SANDOVAL**<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: **2:17-bk-10379-NB**<br>CHAPTER: **13**<br><br>**ORDER ON:**<br>☐ **DEBTOR'S MOTION TO MODIFY PLAN OR SUSPEND PLAN PAYMENTS**<br>☐ **DEBTOR'S MOTION FOR AUTHORITY TO REFINANCE REAL PROPERTY**<br>☐ **DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY**<br>☐ **DEBTOR'S MOTION FOR AUTHORITY TO ENTER INTO LOAN MODIFICATION**<br>☒ **OTHER: MOVANT'S MOTION FOR COURT APPROVAL OF PROPOSED MARITAL SETTLEMENT AGREEMENT BETWEEN DEBTOR AND MOVANT FOR CASE NO. BD541456 IN LOS ANGELES SUPERIOR COURT**<br><br>☒ No hearing held<br>☐ Hearing held<br>DATE:<br>TIME:<br>COURTROOM:<br>PLACE: |

//

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*    Page 1    **F 3015-1.14.ORDER.CH13.GENRL**

Based on ~~Debtor's~~ creditor Jose Mejia's motion filed on (*date*) 12/03/2019 as docket entry number 96 (the "Settlement Motion"), it is ordered that ~~Debtor's motion~~ the Settlement Motion is:

☐   Granted    ☐   Denied

☐   Granted on the terms set forth in the chapter 13 trustee's comments on or objection to Debtor's motion

☐   Granted on the following conditions:

☒   Set for hearing on (*date*) January 23, 2020 at (*time*)  8:30 a.m.  .

**TENTATIVE RULING.**
This Court's tentative ruling is to deny the Settlement Motion for the following reasons.

(1) Background
This Court's prior orders (dkt. 58, 91) granted limited relief from the automatic stay as follows:
Any *characterization* of property (as community or separate property) and any *division* of property shall be treated for bankruptcy purposes as a proposed resolution between the debtor and the non-debtor spouse/former spouse. To assure that there is an opportunity for other parties in interest in this bankruptcy case to object to any undue prejudice that may result from such a proposed resolution, it shall be treated as a proposed compromise or settlement (even if it is embodied in a nonbankruptcy judgment) that must be the subject of adequate notice and an opportunity for a hearing under Rule 9019 (Fed. R. Bankr. P.) before final relief from the automatic stay to make any such resolution effective.  [Dkt. 58, at PDF pp. 4-5]

(2) Inadequate service
The proof of service attached to the Settlement Motion (dkt. 96, end) does not reflect service on all creditors.  Under Rule 2002(a)(3) (Fed. R. Bankr. P.), service on all creditors is required (unless excused by this Court).

(3) Lack of stated grounds for approval
As noted in the posted Procedures of the undersigned Bankruptcy Judge (available at www.cacb.uscourts.gov), when filing a motion for approval of a settlement,
Declaration(s) should support each of the four factors in *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986).
The four *A&C* factors are:
(a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.  [*Id.*]
The Settlement Motion does not address any of these factors.

(4) Grounds for disapproval
As this Court understands the proposed settlement, (a) title to the property at 14029 Leibacher Avenue, Norwalk, CA (the "Leibacher Property") is now held by "Jose Mejia [Debtor's former husband] and Sandra I. Mejia [Debtor], Husband and Wife as Joint Tenants" (dkt. 96, Ex. 1, at PDF p. 6, Recital "C"); (b) Debtor's former husband will be paid $70,000 by Debtor's father, Jamie Cardiel, (c) Debtor and her former husband will transfer title to the Leibacher Property to Debtor's father (or alternatively the property will be sold and Debtor's former husband and her father will receive all proceeds), and (d) Debtor's bankruptcy estate will receive nothing.  Dkt. 96, Ex. 1, at PDF pp. 8 & 11-12, ¶¶ 1, 2, & 14.  The Settlement Motion does not address why Debtor's bankruptcy estate – *i.e.,* her creditors – will receive nothing on account of Debtor's record ownership of the Leibacher Property.

In the parlance of *A&C*, the Settlement Motion does not address the "probability of success" (the first *A&C* factor) in any claim by Debtor's estate that it would be entitled to more than nothing.  The closest the Settlement Motion comes to addressing that issue is that Debtor and her parents expressly deny that former husband Jose Mejia has "any interest in the Leibacher Property," and implicitly they deny that Debtor herself has any interest in the Leibacher Property, on the grounds that "the Leibacher Property was originally purchased by [Debtor's] parents and continued to be their property." Dkt. 96, Ex. 1, at PDF p. 6, Recital "E".  But the Settlement Motion is not supported by any declarations showing that, for example, <u>all</u> mortgage payments and <u>all</u> other expenses of the Leibacher Property were made by Debtor's parents (which might be one basis to assert that, despite Debtor's record title to the Leibacher Property, she did not in fact have <u>any</u> legal or equitable ownership of it).

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                    Page 2                    F 3015-1.14.ORDER.CH13.GENRL

(5) <u>Conclusion</u>

    This Court's prior orders (dkt. 58, 91) noted that there is the potential for marital settlements to constitute avoidable fraudulent transfers, or to cause other problems.  Therefore, those orders required that any proposed division or characterization of property in the divorce proceedings be presented as a settlement under Rule 9019.  But the Settlement Motion was not served on all creditors, nor is it supported by declarations and analysis addressing the *A&C* factors.  Accordingly, the tentative ruling is that the Settlement Motion will be DENIED.

###

Date: December 30, 2019

                                                Neil W. Bason
                                                United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*      Page 3      F 3015-1.14.ORDER.CH13.GENRL